# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**POWERTRAIN, INC. et al**                                                                      **PLAINTIFFS**

**V.**                                                                              **CASE NO. 1:03CV668**

**HONDA MOTOR CO., INC. et al**                                                                 **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on the plaintiffs' Motion [221-1] for Refusal or Continuance under Fed. R. Civ. P. 56(f). The Court has reviewed the briefs and exhibits and is prepared to rule.

This extremely convoluted case presents a dazzling array of plaintiffs, defendant, counter-plaintiffs, counter-defendants, and cross-claimants. For the purpose of this motion, however, there are only four relevant parties. The plaintiffs are three Mississippi corporations: Powertrain, Inc.; Tool Mart, Inc.; and Wood Sales Company, Inc. (collectively "Powertrain"). The defendant is American Honda Motor Co., Inc. ("Honda"). Powertrain filed this suit against Honda on December 19, 2003, alleging various claims related to trademark infringement. On August 1, 2005, Honda filed its motion for summary judgment. Powertrain has not yet replied to that motion. Instead, after several extensions, Powertrain filed the instant Motion to Continue or Refusal Under Rule 56(f) on November 30, 2005, arguing that the Court should either reject Honda's summary judgment motion as premature or else extend Powertrain's deadline to respond until after Honda has complied completely with its discovery responsibilities.

Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's

> opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. Pro. 56(f). The Fifth Circuit has identified the purpose of Rule 56(f) as being "to provide nonmovants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." <u>Wichita Falls Office Assocs. v. Banc One Corp.</u>, 978 F.2d 915, 916 (5th Cir. 1992). The <u>Witchita Falls</u> Court identified four requirements that a nonmovant must satisfy in order to obtain relief under Rule 56(f):

1. the nonmovant must request extended discovery before the court rules on summary judgment;
2. the nonmovant must put the court on notice that further discovery relating to the summary judgment motion is being sought.
3. the nonmovant must show how the requested discovery relates to the summary judgment motion; and
4. the nonmovant must have acted in a diligent fashion so as not to have put himself in the current position through inaction.

<u>Witchita Falls</u>, 978 F.2d at 916. The nonmovant who complains that he has been denied adequate opportunity for discovery must "state with some precision the materials he hoped to obtain with further discovery, and exactly how he expected those materials would assist him in opposing summary judgment." <u>Krim v. BancTexas Group, Inc.</u>, 989 F.2d 1435, 1443 (5th Cir. 1993).

Powertrain has satisfied the four requirements listed above. Powertrain's motion was filed in advance of a ruling on the motion for summary judgment. Powertrain has filed a number of motions pertaining to the discovery process and Honda's alleged violations and manipulations of it. Powertrain has submitted an affidavit from its attorney of record outlining the discovery it seeks and how it is relevant to the motion for summary judgment. This discovery includes but is not limited to: (1) documents pertaining to a Japanese patent on the engines at issue in the underlying dispute which apparently have never been conveyed to Powertrain, (2) an opportunity to depose Honda's

30(b)(6) designee regarding the operation of Honda's engines, and (3) information contained in emails which appear to have been deleted by Honda as part of its corporate policy (and which are the subject of a separate Motion for Order Preserving Electronic Data, to Recovery Deleted Data and Show Cause which is pending before the magistrate). The Court perceives no lack of diligence on Powertrain's part, particularly since the instant motion was not filed until after Honda's repeated delays in responding to discovery requests.

As best the Court can tell, Honda has still not fully complied with its discovery obligations to Powertrain, even now, months after the filing of Honda's summary judgment motion and Powertrain's Rule 56(f) motion. The purpose of Rule 56(f) is to aid both courts and nonmoving parties in avoiding premature and erroneously granted summary judgment motions. In light of the convoluted and far-flung nature of this suit (which has not grown, Blob-like, to include parties and witnesses in China, Japan and Brazil), the Court elects to exercise its authority under Rule 56(f) to refuse Honda's application for judgment. Accordingly, the instant motion is GRANTED, and Honda's motion for summary judgment should be DISMISSED as premature. Honda has the Court's leave to refile its motion for summary judgment <u>after</u> all of its discovery obligations have been fulfilled. A separate order to that effect shall issue this day.

This is the 15th day of March, 2006.

                                      **/s/ Michael P. Mills**
                                      **UNITED STATES DISTRICT JUDGE**