IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**POWERTRAIN, INC. et al**  **PLAINTIFFS**

**V.**  **NO. 1:03CV668**

**HONDA MOTOR CO., INC. et al**  **DEFENDANTS**

## ORDER

This cause comes before the Court on the motion of Third-Party Defendant Puma Industries, Inc. ("Puma") to stay the claims asserted against it in the First Amended Counterclaim filed by Defendant American Honda Motor Co., Inc. ("Honda") or, alternatively, to require Honda to set forth a more definite statement of its claims against Puma, or to dismiss the First Amended Counterclaim against Puma for failure to state a claim upon which relief may be granted [197-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

This case was originally filed by Powertrain, Inc., Tool Mart, Inc., and Wood Sales Company, Inc. (collectively "Powertrain") against Honda for various claims related to trademark infringement. Honda subsequently filed counterclaims against Powertrain for trade dress infringement, as well as additional claims against a number of other corporations, including Puma, for their sale, importation, and/or distribution of the allegedly infringing Powertrain engines or products powered by Powertrain engines. In the instant motion, Puma asks the Court to stay Honda's claims against Puma (all of which appear to be claims for direct trade dress infringement) until after the resolution of Honda's claims against Powertrain. Puma reasons that, if Honda fails to prove that Powertrain infringed its trade dress, then Honda has not claims at all against Puma. On the other hand, Puma expressly acknowledges that, should Honda prove its infringement claims against Powertrain, Puma will be collaterally estopped from relitigating any issues pertaining to Powertrain's infringement. Instead, the only issues left in Honda's action against Puma will be those pertaining to whether Puma directly

participated in Powertrain's infringement.

The Court is not persuaded by Puma's arguments. In its response, Honda notes that its First Amended Counterclaim charges Puma with direct trade dress infringement. Specifically, Honda alleges that Puma itself incorporated Powertrain engines into Puma air compressors and then distributed these air compressors to Powertrain. The Counterclaim clearly alleges that Puma (among others) has infringed Honda's legal rights in a manner substantively identical to the way in which Powertrain is alleged to have infringed Honda's rights. Accordingly, for purposes of judicial economy, the motion to stay is DENIED.

Additionally, to the extent that Puma's motion seeks summary judgment, the Court finds that there are disputed issues of fact which preclude summary judgment at this stage, including but not limited to (1) whether Powertrain's engines infringe on Honda's trade dress and (2) whether Puma incorporated the infringing Powertrain engines into Puma air compressors and then distributed these air compressors to Powertrain. The Court also finds that Puma's motion for a more definite statement should be DENIED as well. Honda's Counterclaim sufficiently identifies the claims it makes against Puma, and if Puma requires more information to defend against these claims, it may seek such information in discovery.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the instant motion is not well-taken and should be DENIED.

This is the 21st day of March, 2006.

                                                          /s/ Michael P. Mills
                                            **UNITED STATES DISTRICT JUDGE**