# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **POWERTRAIN INC.**, a Mississippi Corporation; **TOOL MART INC.**, a Mississippi Corporation; **WOOD SALES COMPANY, INC.**, a Mississippi Corporation | **PLAINTIFFS** |
| V. | CASE NO: 1:03CV668 |
| **AMERICAN HONDA MOTOR CO., INC.**, a California Corporation | **DEFENDANT** |
| **AMERICAN HONDA MOTOR CO., INC.**, a California Corporation | **COUNTERCLAIMANT** |
| V. | |
| **POWERTRAIN INC.**, a Mississippi Corporation; **TOOL MART INC.**, a Mississippi Corporation; **WOOD SALES COMPANY, INC.**, a Mississippi Corporation; **BEST MACHINERY AND ELECTRICAL, INC.; JOYCE MA**, Individually; **PUMA CORPORATION** or **PUMA INDUSTRIES, INC.; CHINA NATIONAL ELECTRONICS IMPORT AND EXPORT ZHEJIANG COMPANY; TONG YONG ENGINE MADING COMPANY, INC.**, or **SHAOXING TONGYONG ENGINE MADING COMPANY, INC.** (d/b/a **TEBCO**); **XING YUE GROUP**; and **ZHEJIANG EVER FINE ELECTRIC APPLIANCE GROUP, LTD** | **COUNTERDEFENDANTS** |

## MEMORANDUM OPINION

This cause comes before the Court on the motion by PowerTrain, Inc., ToolMart, Inc., and Wood Sales Company, Inc., for partial summary judgment [233-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

Plaintiffs PowerTrain, Inc., ("PowerTrain") ToolMart Inc., ("ToolMart") and Wood Sales

Company, Inc., ("Wood Sales") are Mississippi corporations with their principal places of business in Golden, MS. PowerTrain is a designer and importer of small engines manufactured in China, and sells engines through the plaintiffs ToolMart and Wood Sales as well as through other retailers. The defendant, American Honda is a California corporation with its principal place of business in Torrance, CA. The plaintiffs and defendant each sell small engines for use in lawn mowers, go-carts, compressors, and similar products. American Honda is the larger and more well known engine manufacturer of the parties.

American Honda sells engines of various colors, some of which are red and white. On July 10, 2003, American Honda sent PowerTrain a cease and desist letter alleging violations of state and federal law, including that there is a strong likelihood of confusion based on the appearance of the Honda GX series and PowerTrain engines. American Honda subsequently sent letters to PowerTrain retailers/distributors making the same allegations. PowerTrain changed their color scheme from red and white to yellow and black after receiving the letter from American Honda and featured the PowerTrain logo on the engine. On December 19, 2003, PowerTrain, ToolMart, and Wood Sales filed the instant action against American Honda and on February 17, 2004, American Honda filed an answer and counterclaim. The allegations of American Honda's counterclaim relevant to this motion for partial summary judgment are 1) false designation of origin and unfair competition under §43(a) of the Lanham Act, 2) unfair competition arising under Miss. Code Ann. §75-24-1 et seq., and 3) unfair competition in violation of Mississippi common law.

The plaintiffs now seek partial summary judgment regarding two issues:1) whether the trade dress of American Honda's red and white engines is non-functional and 2) whether

PowerTrain's sale of black and yellow engines violates any trade dress claim as to American Honda's red and white engines as a matter of law. The plaintiff also seeks leave to submit to this Court actual samples of the engines in dispute.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 120 S.Ct. at 2110.

The Lanham Act creates a cause of action for trade dress infringement. *Blue Bell Bio-Medical v. Cin-Bad, Inc., d/b/a CBi Medical, Inc.*, 864 F.2d 1253, 1256 (5th Cir. 1989). This action is analogous to the common law tort of unfair competition. *Blue Bell Bio-Medical*, 864 F.2d at 1256 (quoting *Chevron Chemical Co. v. Voluntary Purchasing Groups, Inc.,* 659 F.2d 695, 700-702 (5th Cir.1981), *cert. denied,* 457 U.S. 1126, 102 S.Ct. 2947, 73 L.Ed.2d 1342 (1982); *Sun-Fun Products, Inc. v. Suntan Research & Development,* 656 F.2d 186, 192 (5th Cir. Unit B Sept. 1981)). The "trade dress" of a product is essentially its total image and overall

appearance. *Id*. Since trade dress involves the complete impression of the product, it may include features such as texture, color, shape, and size. *Body Support Systems, Inc. v. Blue Ridge Tables, Inc.*, 954 F. Supp. 749, 753 (N.D. Miss. 1996). In general, the Act prohibits a manufacturer from "passing off" his goods or services as those of another maker by virtue of substantial similarity between the products. *Blue Bell Bio-Medical*, 864 F.2d at 1256.

The plaintiffs are asking the Court to evaluate whether the trade dress of American Honda's red and white engines is functional and whether PowerTrain's sale of yellow and black engines poses a likelihood of confusion with American Honda's red and white engine as a matter of law. A court must undertake a two-step analysis to resolve a trade dress infringement claim under the Lanham Act. *Id*. The first question is whether the product's trade dress qualifies for protection. *Id*. This requires inquiry into three issues: 1) distinctiveness, 2) secondary meaning and 3) functionality. *Id*. If there is a determination that the trade dress is protected, the court must then determine whether the trade dress has been infringed. *Id*. Infringement occurs only when there is a likelihood of confusion between the products of the plaintiff and the defendant. *Id*.

A preliminary determination of functionality is important because functional features are not subject to trade dress protection. *Eppendorf-Netheler-Hinz GMBH, v. Ritter GMBH*, 289 F. 3d 351, 355 (5th Cir. 2002) (quoting *TrafFix Devices, Inc. v. Marketing Displays, Inc.* 532 U.S. 23, 29, 121 S.Ct. 1255, 1260, 149 L. Ed. 2d 164). Although speaking to the issue of trademark rather than trade dress, the Supreme Court in *TrafFix* defined functionality under the traditional test as a feature that is essential to the use or purpose of the article or that affects the cost or quality of the article. *TrafFix*, 532 U.S. at 32, 121 S.Ct. at 1261. *TrafFix* also recognized a second test which measured functionality by evaluating whether the exclusive use would put

4

competitors at a significant, non-reputation related disadvantage. *Eppendorf*, 289 F.3d. at 356. However, there is no need to consider this "competitive necessity" test where a product feature is functional under the traditional definition. *Id.*

PowerTrain argues that American Honda's engines are quintessentially functional products, yet presents its argument of functionality solely as to the red and white engines. (*See* pg. 2, [233-1]). Nothing in the evidence presented indicates that PowerTrain's yellow and black engines are different in any respect from the red and white engines it produced before receiving American Honda's cease and desist letter other than in color and an addition of a logo. Presenting the claim in this manner means that summary judgment on the issue of functionality of the red and white Honda engines must fail because a genuine issue of material fact remains regarding functionality. Ostensibly, the change in color of the engine is not essential to the use of the engine, nor has any presented evidence indicated that color affects the cost or quality of the engine. The evidence presented also indicates that engines *generally* are sold in a variety of colors; therefore, there is no significant non-reputation related disadvantage suffered by market competitors as required under the "competitive necessity" test. While not reaching a determination on whether American Honda's red and white engines are distinctive or have secondary meaning, the Court will now address the likelihood of confusion between American Honda's red and white engines and PowerTrain's yellow and black engines.

Likelihood of confusion is a question of fact. *Blue Bell Bio-Medical*, 864 F.2d at 1259. The likelihood of consumer confusion is determined by looking at a variety of factors, or "digits" of confusion, including: similarity of products, identity of retail outlets and purchasers, identity of advertising media, type (i.e. strength) of trademark or trade dress, defendant's intent, similarity

of design, and actual confusion. *Blue Bell Bio-Medical*, 864 F.2d at 1260 (*quoting Sno-Wizard Mfg. v. Eisemann Products Co.*, 791 F.2d 423, 428 (5th Cir. 1986)). It is also appropriate to consider the degree of care exercised by the purchasers as confusion is more likely of the products that are impulse items or that are inexpensive. *Id*.

In *Sun-Fun Products, Inc.*, the Fifth Circuit began its analysis of the threshold level of similarity with the proposition that similarity of design stems from the overall impression conveyed by the mark and not a dissection of individual features. *Sun-Fun Products, Inc. v. Suntan Research & Development,* 656 F.2d 186, 189 (5th Cir. Unit B Sept. 1981). While the colors of American Honda's and PowerTrains's engines are notably different, other elements of trade dress such as the shape and the size of the engines are similar. However, whether or not the similarity is enough to create a likelihood of confusion is a genuine issue of material fact that is more appropriately put before the jury. Further, a finding of similarity still requires examination of the other "digits" of likelihood of confusion.

The fact that PowerTrain and Honda market and sell their products to the same types of distributors and dealers weighs in favor of confusion, yet these engines tend not to be impulse purchases since businesses are often the purchasers. American Honda has presented evidence that PowerTrain used Honda engines as a guide while creating its engines, and intent to copy is a factor to consider when deciding whether a likelihood of confusion exists. *Blue Bell Bio-Medical*, 864 F.2d at 1259. However, the Supreme Court has acknowledged that trade dress protection must subsist with the recognition that in many instances there is no prohibition against copying goods and products. *TrafFix*, 532 U.S. at 29, 121 S.Ct. at 1260. Both PowerTrain and American Honda advertise their engines through similar means such as trade shows, and both of

6

their products are found on the internet.  However, the strength of American Honda's trade dress and the methodology American Honda used to prove the strength of its trade dress is in dispute.  Due to the fact that the "digits" of likelihood of confusion do not clearly or strongly indicate that a likelihood of confusion does or does not exist, partial summary judgment as to the lack of likelihood of confusion as to the red and white engines is denied.

Plaintiffs also request leave to lodge samples of the actual engines in dispute.  This Court has examined the color photographs on file.  While the photographs were extremely helpful in illustrating the respective parties' arguments, the Court acknowledges that viewing the actual engines will allow for a more thorough comparison.  Therefore, the request to lodge samples of actual engines is granted.

## **CONCLUSION**

ACCORDINGLY, the Court finds that there is a genuine question as to the functionality and likelihood of confusion of the red and white engines and as such, the plaintiff's motion for partial summary judgment is DENIED.  Leave to file samples of the actual small engines in dispute is GRANTED.  A separate order to that effect shall issue this day.

This the 15th day of August, 2006.

             **/s/ Michael P. Mills**
             **UNITED STATES DISTRICT JUDGE**