IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **POWERTRAIN INC.**, a Mississippi Corporation; **TOOL MART INC.**, a Mississippi Corporation; **WOOD SALES COMPANY, INC.**, a Mississippi Corporation | **PLAINTIFFS** |
| V. | **CASE NO: 1:03CV668** |
| **AMERICAN HONDA MOTOR CO., INC.**, a California Corporation | **DEFENDANT** |
| **AMERICAN HONDA MOTOR CO., INC.**, a California Corporation | **COUNTERCLAIMANT** |
| V. | |
| **POWERTRAIN INC.**, a Mississippi Corporation; **TOOL MART INC.**, a Mississippi Corporation; **WOOD SALES COMPANY, INC.**, a Mississippi Corporation; **BEST MACHINERY AND ELECTRICAL, INC.; JOYCE MA**, Individually; **PUMA CORPORATION or PUMA INDUSTRIES, INC.; CHINA NATIONAL ELECTRONICS IMPORT AND EXPORT ZHEJIANG COMPANY; TONG YONG ENGINE MADING COMPANY, INC.**, or **SHAOXING TONGYONG ENGINE MADING COMPANY, INC. (d/b/a TEBCO); XING YUE GROUP;** and **ZHEJIANG EVER FINE ELECTRIC APPLIANCE GROUP, LTD** | **COUNTERDEFENDANTS** |

## ORDER

This cause comes before the court on the motion [931] of third party defendant Puma Industries, Inc. for summary judgment. This motion was filed on May 15, 2007, and opposing parties have failed to respond. However, summary judgment cannot be supported on the ground

1

that a party failed to respond to a defendant's motion for summary judgment. *John v. State of LA (Board of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). This court now examines the defendant's motion on its merits.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 120 S.Ct. at 2110. However, the court will assume that the movant's facts as claimed and supported by admissible evidence are admitted to exist without controversy, unless controverted in an opposing statement of genuine issues which is supported by proper summary judgment evidence. *Andrews v. Texas Park & Wildlife Dept.*, 196 F.Supp. 2d 424, 426 (2001).

Honda has alleged direct trade dress infringement against ten counterdefendants, which includes Puma Industries, Inc. The trade dress of a product is essentially its total image and overall appearance. *Blue Bell Bio-Medical v. Cin-Bad, Inc.*, 864 F.2d 1253, 1256 (5th Cir. 1989). To resolve a trade dress infringement claim a court must first determine whether a

product's trade dress qualifies for protection by examining the distinctiveness, secondary meaning, and functionality of the trade dress. *Id*. If the trade dress is protected, the court must then determine whether the trade dress has been infringed. *Id*. Infringement occurs only when there is a likelihood of confusion between the products of the plaintiff and the defendant. *Id*.

Puma Industries, Inc. manufactures air compressors. Honda manufactures engines. Puma admits that it sold air compressors to PowerTrain as well as to Honda, and admits that it provided labor to both companies. However, Puma has not sold or marketed a PowerTrain engine, nor has it placed a PowerTrain engine into the stream of commerce. As the products sold by Puma and Honda are not remotely similar, and Puma's air compressor is employed as a component of Honda's engine, trade dress analysis is inappropriate. The total image and overall appearance of the air compressors manufactured by Puma Industries and the engines manufactured by Honda are so markedly distinct that there is no likelihood of confusion between the products.

While Honda has never alleged that Puma has committed contributory trade dress infringement against Puma, Puma also asserts that it is not liable for any claim of contributory trade dress infringement. In support of its position, Puma cites several cases regarding contributory infringement in the context of trademark rather than trade dress; however, in *Two Pesos, Inc. v. Taco Cabana, Inc*., the Supreme Court stated that there is no persuasive reason to apply different analysis between the two forms of infringement. 505 U.S. 763, 773, 112 S.Ct. 2753, 2760, 120 L.Ed.2d 615.

If a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorially responsible for any

harm done as a result of the deceit. *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 853-54, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982). A finding of contributory infringement is dependent upon the existence of direct infringement. *Novell, Inc. v. CPR Distributing Inc., et al*, 2000 U.S. Dist. 9975, at *27 (S.D. Tex. May 4, 2000) (quoting *Joy Technologies, Inc., v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993)). Assuming a finding of direct infringement for the purpose of contributory infringement analysis, Honda has not produced evidence that Puma induced Powertrain into infringement of Honda's trade dress nor has it produced any evidence to indicate that Puma knew or should have known about any infringing activities that Powertrain may have been engaged in. Accordingly, Puma's motion [931] for summary judgment is GRANTED.

This the 2nd day of July, 2007.

                                                **/s/ Michael P. Mills**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**
                                                **NORTHERN DISTRICT OF MISSISSIPPI**