IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **POWERTRAIN INC.**, a Mississippi Corporation; **TOOL MART INC.**, a Mississippi Corporation; **WOOD SALES COMPANY, INC.**, a Mississippi Corporation | **PLAINTIFFS** |
| V. | CASE NO: 1:03CV668 |
| **AMERICAN HONDA MOTOR CO., INC.**, a California Corporation | **DEFENDANT** |
| **AMERICAN HONDA MOTOR CO., INC.**, a California Corporation | **COUNTERCLAIMANT** |
| V. | |
| **POWERTRAIN INC.**, a Mississippi Corporation; **TOOL MART INC.**, a Mississippi Corporation; **WOOD SALES COMPANY, INC.**, a Mississippi Corporation; **BEST MACHINERY AND ELECTRICAL, INC.; JOYCE MA**, Individually; **PUMA CORPORATION or PUMA INDUSTRIES, INC.; CHINA NATIONAL ELECTRONICS IMPORT AND EXPORT ZHEJIANG COMPANY; TONG YONG ENGINE MADING COMPANY, INC.**, or **SHAOXING TONGYONG ENGINE MADING COMPANY, INC.** (d/b/a **TEBCO); XING YUE GROUP;** and **ZHEJIANG EVER FINE ELECTRIC APPLIANCE GROUP, LTD** | **COUNTERDEFENDANTS** |

## MEMORANDUM OPINION

This cause comes before the court on Honda's motion [934] for partial summary judgment on the plaintiffs' claims for unfair competition under § 43(a) of the Lanham Act (Count 1), intentional interference in contractual relations (Count 4), intentional interference with prospective advantage (Count 5), witness tampering (Count 8), defamation (Count 9), trade libel

or commercial disparagement (Count 10), trade libel under § 43(a) of the Lanham Act (Count 11), and declaratory judgment (Counterclaim). This court also considers Powertrain's motion [1011] for partial summary judgment on the issue of trade dress abandonment. A response has been filed in opposition to both motions and this court is prepared to rule.

Plaintiffs PowerTrain, Inc., ToolMart Inc., and Wood Sales Company, Inc., (collectively "Powertrain") are Mississippi corporations with their principal places of business in Golden, MS. PowerTrain is a designer and importer of small engines manufactured in China, and sells engines through the plaintiffs ToolMart and Wood Sales as well as through other retailers. The defendant, American Honda ("Honda") is a California corporation with its principal place of business in Torrance, CA. The plaintiffs and defendant each sell small engines for use in lawn mowers, go-carts, compressors, and similar products. American Honda is the larger and more well known engine manufacturer of the parties.

The instant action was precipitated by Honda's mailing of cease and desist letters to Powertrain and its customers, beginning in approximately March of 2003. These letters stated that Powertrain engine products infringed on Honda's engines. Powertrain filed suit against Honda on December 19, 2003, which included the allegations that are now the subject of Honda's motion for summary judgment. Honda answered Powertrain's complaint and filed a counterclaim alleging false designation of origin under the Lanham Act, trade dress infringement, false advertising, deceptive advertising, and common law unfair competition.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Honda asserts that it is entitled to summary judgment on Counts 1, 4, 5, 8, 9, and 11 and Powertrain's counterclaim because all of the aforementioned counts against it stem from its issuance of cease and desist letters, an action it contends is the type of prelitigation effort protected under the *Noerr-Pennington* doctrine. Those who petition the government for redress are generally immune from antitrust liability. *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 56, 113 S. Ct. 1920, 1926, 123 L.Ed.2d 611 (1993). The doctrine has been extended to citizens who approach administrative agencies and courts. *Id.* at 57. However, this immunity does not extend to sham proceedings which are instituted without probable cause and in complete disregard of the law to cover up attempts to interfere with the business relationships of a competitor. *Gardner v. Clark*, 101 F. Supp. 2d 468, 472 (N.D. Miss. 2000) (citing *Barq's Inc. v. Barq's Beverages, Inc.*, 677 F. Supp. 449, 451 (E.D. La 1987)).

3

In *Coastal States Marketing, Inc. v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983), the Fifth Circuit held that well publicized threats to litigate, even those not directed to a government, are covered by petitioning immunity. Honda contends that it mailed the cease and desist letters in order to protect its interests in the trade dress of the GX series engines, and this contention is the type of prelitigation activity covered by the *Noerr-Pennington* doctrine. Powertrain now has the opportunity to rebut this contention by demonstrating that this contention is a sham.

The Supreme Court established a two-part test to determine whether litigation is a sham. *Gardner*, 677 F. Supp. at 473 (quoting *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-61, 113 S.Ct. 1920, 1928, 123 L.Ed.2d 611 (1993)). A lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. *Id*. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr*, and an antitrust claim premised on the sham exception must fail. *Id*. Only if the challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. *Id*. Under the second part, the court should focus on whether the baseless lawsuit conceals an attempt to interfere directly with the business relationships of a competitor through the use of the governmental process — as opposed to the outcome of that process — as an anti-competitive weapon. *Id*.

This court finds that summary judgment based on the *Noerr-Pennington* doctrine is inappropriate at this juncture because valid questions about the appropriateness of Honda's actions have been raised. Honda asserts that there is a reasonable basis for its trade dress claims. In order to present a viable trade dress infringement claim, Honda must demonstrate that its trade

4

dress qualifies for protection. *Blue Bell Bio-Medical v. Cin-Bad, Inc*., 864 F.2d 1253, 1256 (5th Cir. 1989). This inquiry encompasses three issues: (1) distinctiveness, (2) secondary meaning, and (3) functionality. *Id*. Second, if the trade dress is protected, the court must then determine whether the trade dress has been infringed. *Id*. Infringement occurs only when there is a likelihood of confusion between the products of the plaintiff and the defendant. *Id*.

Honda has presented evidence to demonstrate that its red and black color scheme is distinctive and has commissioned a professional survey to demonstrate that there was an acquisition of secondary meaning in the market. Honda also produced deposition testimony and retained an expert to show that the features in dispute are not functional. A Honda engineer stated that the GX engine components did not have to be designed as they are, and that the design choices were made to express the entire concept of product and styling. Further, Honda has provided evidence that customers have called Honda's customer service department with questions about products that were not Honda products, but in fact, were Powertrain products.

However, Powertrain redirects this court's attention to the fact that Honda did not file suit against Powertrain until after Powetrain filed suit against Honda, which amounts to an approximately seven month time lapse between the issuance of the letters and the initiation of legal action. Powertrain raises an inference that Honda never intended to file a lawsuit at all, and merely meant to intimidate Powertrain and its customers. The conflicting evidence dictates that this issue should not be disposed of through summary judgment.

Honda's motion for partial summary judgment also includes alternative grounds for summary judgment of the aforementioned counts. However, on July 18, 2007, this court entered an order clarifying the issues to be tried in this action. Consideration of all other issues is stayed

until after the first phase of trial. The alternative grounds for summary judgment in this matter do not relate to trade dress, trade dress infringement, secondary meaning, likelihood of confusion, or functionality. Therefore, the court will reserve consideration of these issues.

Powertrain asserts that Honda has abandoned [1011] its claim of trade dress because of its failure to litigate aggressively to protect its interests. The plaintiffs cite various examples that they contend support abandonment. In particular, Powertrain notes that even though Honda won a consent judgment against Eastern Tools and Equipment in a trade dress suit, Honda has known that Eastern Tools continues to sell products in violation of the consent order. They also note that Honda wrote a letter to Costco regarding infringing products in 2005, yet has taken no legal action against Costco.

Honda counters that the plaintiff's have waived their right to rely on the abandonment defense and that the motion for partial summary judgment has no merit. Honda has also produced documentation of litigation occurring in countries all around the world, as well as settlements and agreements with other companies to remove products using trade dress similar to Honda's trade dress.

This Sixth Circuit stated the law of trade dress abandonment under §45 of the Lanham Act:

> . . .when any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark.

*Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 310 (6th Cir. 2001).

Professor McCarthy clarified the use of abandonment in the context of trademark and

trade dress litigation, stating:

> . . .But the focus in the generic and descriptive cases is not primarily on how often plaintiff has sued or not sued others, but rather, what has been the effect of not suing upon use of the term by competitors, and hence, upon use by customers. Lack of prosecution is an omission that may, or may not, have led to widespread customer usage of the term in a non-trademark sense. . .
>
> . . . What is the significance of such an alleged failure to prosecute? If the argument is couched in terms of alleged "abandonment," it is far from the mark. Such an argument is no more persuasive than that of the drunken driver who pleads to be let off because there are "lots of other drunk drivers on the road—why pick on me?" This is not a "defense," nor should it be. Rather, it appears that the only relevancy of failure to prosecute others is as to the possible impact such failure may have on the strength of the plaintiff's mark. It is possible that plaintiff's mark has been "weakened" by widespread use in the market and that such use resulted from plaintiff's failure to sue infringers. That is, the only way to prevent a market from becoming "crowded" with similar marks is a program of assertive enforcement.

3 J.T. McCarthy, *Trademarks and Unfair Competition* § 17:17 (4th ed. 2007)

Without reaching Honda's assertion that Powertrain has waived its right to rely on an abandonment defense, this court finds that Powertrain's motion for summary judgment on trade dress abandonment must fail. While Powertrain has made an argument that Honda has knowledge of several companies infringing on its products and failed to take action, Powertrain has not made the requisite showing that Honda's trade dress has become weakened by widespread use in the market. Accordingly, Honda [934] and Powertrain's [1011] motions for partial summary judgment are DENIED.

This the 31st day of July, 2007.

                                          **/s/ Michael P. Mills**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**