IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **POWERTRAIN INC.**, a Mississippi Corporation; **TOOL MART INC.**, a Mississippi Corporation; **WOOD SALES COMPANY, INC.**, a Mississippi Corporation | **PLAINTIFFS** |
| V. | **CASE NO: 1:03CV668** |
| **AMERICAN HONDA MOTOR CO., INC.**, a California Corporation | **DEFENDANT** |
| **AMERICAN HONDA MOTOR CO., INC.**, a California Corporation | **COUNTERCLAIMANT** |
| V. | |
| **POWERTRAIN INC.**, a Mississippi Corporation; **TOOL MART INC.**, a Mississippi Corporation; **WOOD SALES COMPANY, INC.**, a Mississippi Corporation; **BEST MACHINERY AND ELECTRICAL, INC.**; **JOYCE MA**, Individually; **PUMA CORPORATION or PUMA INDUSTRIES, INC.**; **CHINA NATIONAL ELECTRONICS IMPORT AND EXPORT ZHEJIANG COMPANY**; **TONG YONG ENGINE MADING COMPANY, INC.**, or **SHAOXING TONGYONG ENGINE MADING COMPANY, INC.** (d/b/a **TEBCO**); **XING YUE GROUP**; and **ZHEJIANG EVER FINE ELECTRIC APPLIANCE GROUP, LTD** | **COUNTERDEFENDANTS** |

## MEMORANDUM OPINION

This cause comes before the court on Joyce Ma's motion [902] for summary judgment or partial summary judgment. Best Machinery joins [1078] Joyce Ma in her motion. A response has been filed in opposition and this court is prepared to rule.

Joyce Ma and Best Machinery ("Best") seek summary judgment on the Counts 1, 2, 3, 4,

and 5 of Honda's Second Amended Counterclaim. These counts encompass allegations of false designation of origin and unfair competition arising under § 43(a) of the Lanham Act, common law trade dress infringement, false advertising, deceptive advertising, and common law unfair competition. Honda contends that it has not alleged claims of false advertising against Joyce Ma and Best Machinery, which eliminates the need for consideration of summary judgment on Counts 3 and 4.

Plaintiffs Powertrain, Inc., ToolMart Inc., and Wood Sales Company, Inc., (collectively "Powertrain") are Mississippi corporations with their principal places of business in Golden, MS. Powertrain is a designer and importer of small engines manufactured in China, and sells engines through the plaintiffs ToolMart and Wood Sales as well as through other retailers. The defendant, American Honda ("Honda") is a California corporation with its principal place of business in Torrance, CA. The plaintiffs and defendant each sell small engines for use in lawn mowers, go-carts, compressors, and similar products. American Honda is the larger and more well known engine manufacturer of the parties.

Best Machinery and Joyce Ma became involved in this litigation through its contact with Powertrain. Powertrain is a client of Best, and Best contends that Powertrain provided engine designs in order for Best to locate factories in China to produce the product. According to Best, Powertrain would issue a purchase order containing designs and specifications. Deposition testimony indicates that only Best Machinery and Joyce Ma had direct contact with the Chinese companies, and that Powertrain relied on Best Machinery and Joyce Ma as intermediaries. In line with the deposition testimony is Best's assertion that it conveyed Powertrain's orders and specifications to factories in China so that the products could be manufactured. Beyond these

facts, Best and Ma's version of facts differ greatly from Honda's version of facts. The main point of contention relates to Best and Ma's involvement in designing, manufacturing, and marketing of the products now in dispute and Joyce Ma's role in relation to Best Machinery.

ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 120 S.Ct. at 2110. However, the court will assume that the movant's facts as claimed and supported by admissible evidence are admitted to exist without controversy, unless controverted in an opposing statement of genuine issues which is supported by proper summary judgment evidence. *Andrews v. Texas Park & Wildlife Dept.*, 196 F.Supp. 2d 424, 426 (2001).

Honda's allegations against Best and Joyce Ma under the Lanham Act and common law state claims for both direct and contributory infringement. Mississippi common law recognizes causes of action for infringement and unfair competition. *See Richardson v. Thomas*, 257 So.2d

3

877 (Miss. 1972), *Memphis Steam Laundry-Cleaners, Inc. v. Lindsey*, 5 So.2d 227 (Miss. 1941). § 43(a) of the Lanham Act states that "[a]ny person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a). Alternatively, if a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorially responsible for any harm done as a result of the deceit. *Inwood Laboratories, Inc. v. Ives Laboratories, Inc*., 456 U.S. 844, 853-54, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982). A finding of contributory infringement is dependent upon the existence of direct infringement. *Novell, Inc. v. CPR Distributing Inc., et al*, 2000 U.S. Dist. 9975, at *27 (S.D. Tex. May 4, 2000) (quoting *Joy Technologies, Inc., v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993)).

The facts as alleged by the parties preclude a finding of summary judgment in favor of Best Machinery and Joyce Ma. Best and Ma aver that Best merely facilitated communication between Powertrain and Chinese factories, and that neither ever modified purchase orders or specifications from Powertrain. Best and Ma also contend that they did not design, manufacture, or market any product that is the subject of this dispute. Joyce Ma maintains that she was merely

4

an employee of Best, and that she was never an officer, director, shareholder, or ultimate decision maker within the company. However, Honda has produced evidence to demonstrate that Joyce Ma suggested that Powertrain make labeling changes to its engine so it would be more similar in appearance to Honda's engines, and that the data used in the Chinese factories came from Honda engines directly. Honda also maintains that Joyce Ma helped facilitate the production of a Powertrain marketing catalog. There is also evidence to support Honda's assertion that Best acted as the sole source of Chinese engines for Powertrain and made a profit when importing the engines. Honda also rebuts Ma's contention that she was a mere employee of Best Machinery by providing evidence that she had full authority over the operations of Best Machinery. In light of the genuine dispute of material facts, Joyce Ma and Best Machinery's motion [902, 1078] for summary judgment is DENIED.

This the 2nd day of August, 2007.

                                        **/s/ Michael P. Mills**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**